CHRISTOPHER J. BOWES, ESQ.
54 Cobblestone Drive
Shoreham, NY 11786
Tel. (212) 979-7575
Fax (631) 929-1700
cjbowes@gmail.com

November 16, 2021

Via ECF
Hon. Lewis J. Liman
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

        Re: Shanahan v. Kijakazi
           1:20-cv-07282 (LJI)

Dear Judge Liman:

  As the attorney for the plaintiff in the above captioned action, I write to respond to the Court's November 16, 2021 Order regarding the parties consenting to proceeding before a Magistrate Judge. I am embarrassed to advise the Court that I have not effectuated service of the summons and complaint in this case. My records indicate that I marked this off as having been served in September, but I can now see that I was mistaken, and service was not effectuated at that time.

  The complaint was filed in this case on August 12, 2021, and the Clerk of the Court issued the summon on August 13, 2021. Pursuant to Fed. R. Civ. P. § 4(m), if service is not made within 90 days, the Court must either "dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time ..." Id.  If the plaintiff shows "good cause" for the failure to effect service, the court "shall extend the time for service for an appropriate period." Id.  Courts have interpreted this provision to mean that the court must extend the time for service if the plaintiff shows good cause, and may extend the deadline, even if the plaintiff fails to show good cause, as a matter of judicial discretion. See Henderson v. United States, 517 U.S. 654, 662-63 (1996); Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 666-667 (D. Vt. 1996); Argentina v. Emery World Wide Delivery Corp., 167 F.R.D. 359, 363-64 (E.D.N.Y. 1996). See generally, MOORE'S FEDERAL PRACTICE - CIVIL §§ 4.82-83.

  I am serving the summons and complaint by certified mail today.  I respectfully request that the Court, as a matter of discretion, permit additional time for service in light of the relatively short delay in effectuating service upon the Commissioner of Social Security and the absence of any prejudice to the government. See Valentin v. Commissioner of Social Security, 2000 U.S. Dist. LEXIS 16948 (S.D.N.Y. 2000) (dismissal not appropriate, even where no good cause shown, unless Commissioner demonstrates that delay occasioned by plaintiff's attorney made it impossible to retrieve file and defend lawsuit).

  Accordingly, I respectfully request permission to file a motion extending plaintiff's time for effectuate service of the summons and complaint. I will file proof of service of the summons and complaint once I receive conformation of service on the Commissioner of the Social Security Administration. I respectfully request that the Court extend such time to and including

Hon. Lewis J. Liman  RE: Shanahan v. Kijakazi
November 16, 2021  1:21-cv-6795 (LJI)

November 30, 2021. One the Commissioner has been served, I will raise the issue of proceeding before a Magistrate Judge.

    Thank you for Your Honor's consideration of this request.

Respectfully submitted,

*Christopher J. Bowes, Esq.*
Christopher J. Bowes, Esq.

Shanahan v. Kijakazi
21-cv-6795

Plaintiff's request for additional time to effect service is granted, pursuant to the Court's discretion under Rule 4(m). Plaintiff is directed to file proof of service on ECF by November 30, 2021. The parties are directed to comply with the Court's November 16, 2021 Order by December 30, 2021.

_____
LEWIS J. LIMAN
United States District Judge

Date:   November 18, 2021
        New York, NY